**SO ORDERED,**



*Selene D. Maddox*

**Judge Selene D. Maddox**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**IN RE:**   Derrick Lamont Gordon, Debtor              **Case No. 26-11044-SDM**
                                                               **Chapter 13**

### ORDER CONFIRMING CHAPTER 13 PLAN

The debtor's plan was filed on 03/25/2026 and amended/modified by subsequent order(s) of the court, if any.  The plan was transmitted to creditors pursuant to Bankruptcy Rule 3015. The court finds that the plan meets the requirements of 11 U.S.C. § 1325.

IT IS ORDERED THAT:
1. The debtor's chapter 13 plan attached hereto is confirmed.
2. The following motions are granted *(if any)*:
   a. Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims made under Rule 3012 (§ 3.2 of the plan);
   b. Motion to avoid lien pursuant to Section 522 (§ 3.4 of the plan).
3. The stay under Section 362(a) is terminated as to the collateral only and the stay under Section 1301 is terminated in all respects regarding collateral listed in Section 3.5 of the plan *(if any)*.
4. All property shall remain property of the estate and shall vest in the debtor only upon entry of discharge. The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the trustee.
5. The debtors' attorney is awarded a fee in the amount of $4,600.00 of which $3,478.00 is due and payable from the estate.

### ##*END OF ORDER*##

Approved:
**/s/ Thomas C. Rollins, Jr.**
Thomas C. Rollins, Jr. (MSBN 103469) Attorney for the Debtor

Submitted by:
Todd S. Johns, Ch. 13 Trustee
P.O. Box 1326
Brandon, MS 39043-1326
(601) 825-7663

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Derrick Lamont Gordon** | |
| | Full Name (First, Middle, Last) | |
| Debtor 2 | | |
| (Spouse, if filing) | Full Name (First, Middle, Last) | |
| United States Bankruptcy Court for the | **NORTHERN DISTRICT OF MISSISSIPPI** | |
| Case number: | **26-11044** | |
| (If known) | | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.

**2.2, 3.2, 3.5, 4.1, 8.1**

## Chapter 13 Plan and Motions for Valuation and Lien Avoidance

12/17

---

**Part 1:** Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

---

**Part 2:** Plan Payments and Length of Plan

**2.1    Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay ~~$637.90~~ 313.00 (☐ monthly, ☐ semi-monthly, ☑ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

Direct.

---

Mississippi Chapter 13 Plan                                                           Page 1

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

| Debtor | **Derrick Lamont Gordon** | Case number | **26-11044** |
|---|---|---|---|

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3     Income tax returns/refunds.**

*Check all that apply*

☑     Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐     Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐     Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
     *Check one.*
☑     **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**Part 3:     Treatment of Secured Claims**

**3.1     Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

     *Check all that apply.*
☑     **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
     *Insert additional claims as needed.*

**3.2     Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*.**

☐     **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
     *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑     Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Bank of Commerce | $4,343.71 | 2003 Freightliner Columbia, 2006 Chevy Avalanche | $13,015.00 | $4,343.71 | 8.50% |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Bank of Commerce | $3,431.94 | 2006 Big Bubba Flathead Trailer | $10,000.00 | $3,431.94 | 8.50% |

Mississippi Chapter 13 Plan                                                                                    Page 2

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

| Debtor | **Derrick Lamont Gordon** | | | Case number | **26-11044** | |
|---|---|---|---|---|---|---|

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **Diverse Funding** | $2,695.00 | 2021 Cfmoto | $2,500.00 | $2,500.00 | 8.50% |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **MS Dept of Revenue** | $1,094.19 | All property | $10,000.00 | $1,094.19 | 6.00% |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **OneMain** | $11,846.13 | 2014 Honda Accord 216,000 miles | $7,481.70 | $7,481.70 | 8.50% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| **-NONE-** | | | month |

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

**3.3   Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| Toyota Financial Serv | 2024 Toyota Camry 33,000 miles | ~~$30,972.00~~ 30,578.13 | 8.50% |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.4   Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

☑ None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5   Surrender of collateral.**

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

| Debtor | **Derrick Lamont Gordon** | Case number | **26-11044** |
|---|---|---|---|

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| 1st Franklin | Household Goods |
| Heights Financial | Household Goods |
| Republic Finance | Household Goods |
| Tower Loan | Household Goods |

*Insert additional claims as needed.*

---

| **Part 4:** | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1    General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

☑ No look fee: __4,600.00__

| Total attorney fee charged: | $4,600.00 |
|---|---|
| Attorney fee previously paid: | $1,122.00 |
| Attorney fee to be paid in plan per confirmation order: | $3,478.00 |

☐ Hourly fee: $_____. (Subject to approval of Fee Application.)

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ Internal Revenue Service    ~~$21,000.00~~ *30798.41* .
☐ Mississippi Dept. of Revenue    $0.00 .
☐ Other _____ _____ .

**4.5    Domestic support obligations.**

☐ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

DUE TO:  **Markeshia Taylor**

POST PETITION OBLIGATION: In the amount of $ **172.00**    per month beginning    **5/2026**
To be paid ☐ direct, ☐ through payroll deduction, or ☑ through the plan.

PRE-PETITION ARREARAGE: In the amount of $ ~~3,415.00~~ *3759.00*    through    **4/2026**
which shall be paid in full over the plan term, unless stated otherwise:
To be paid ☐ direct, ☐ through payroll deduction, or ☑ through the plan.

DUE TO:  **Shakira Woods**

POST PETITION OBLIGATION: In the amount of $ **197.00**    per month beginning    **5/2026**
To be paid ☐ direct, ☐ through payroll deduction, or ☑ through the plan.

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

| Debtor | **Derrick Lamont Gordon** | Case number | **26-11044** |
|---|---|---|---|

PRE-PETITION ARREARAGE: In the amount of $ ~~4,420.53~~ 4814.53    through    **4/2026**
which shall be paid in full over the plan term, unless stated otherwise:
To be paid ☐ direct, ☐ through payroll deduction, or ✓ through the plan.

DUE TO:   **Child SUpport Central Alabama**
POST PETITION OBLIGATION: In the amount of $   **n/a**     per month beginning   **n/a**
To be paid ☐ direct, ☐ through payroll deduction, or ✓ through the plan.

PRE-PETITION ARREARAGE: In the amount of $   **6,019.00**     through    **3/2026**
which shall be paid in full over the plan term, unless stated otherwise:
To be paid ☐ direct, ☐ through payroll deduction, or ✓ through the plan.

*Insert additional claims as needed.*

---

**Part 5:**   **Treatment of Nonpriority Unsecured Claims**

5.1    **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐    The sum of $

✓    **100.00**   % of the total amount of these claims, an estimated payment of $  ~~**31,212.93**~~

☐    The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

5.2    **Other separately classified nonpriority unsecured claims (special claimants).** *Check one.*

✓    None. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

---

**Part 6:**   **Executory Contracts and Unexpired Leases**

6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

✓    None. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

---

**Part 7:**   **Vesting of Property of the Estate**

7.1    **Property of the estate will vest in the debtor(s) upon entry of discharge.**

**Part 8:**   **Nonstandard Plan Provisions**

8.1    **Check "None" or List Nonstandard Plan Provisions**
☐    None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.
**Absent an objection, any Proof of Claim filed by the IRS and/or MS Dept. of Revenue shall be paid pursuant to the claim.**

---

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

| Debtor | Derrick Lamont Gordon | Case number | 26-11044 |

| Part 9: | Signatures: |

**9.1     Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X   **/s/ Derrick Lamont Gordon**

**Derrick Lamont Gordon**
Signature of Debtor 1

Executed on   **April  13, 2026**

**1519 27th St. N**
Address
**Columbus MS 39701-0000**
City, State, and Zip Code

Telephone Number

X   **/s/ Thomas C. Rollins, Jr.**
**Thomas C. Rollins, Jr. 103469**
Signature of Attorney for Debtor(s)
**P.O. Box 13767**
**Jackson, MS 39236**
Address, City, State, and Zip Code
**601-500-5533**
Telephone Number
**trollins@therollinsfirm.com**
Email Address

X   _____
Signature of Debtor 2

Executed on   _____

Address

City, State, and Zip Code

Telephone Number

Date   **April  13, 2026**

**103469 MS**
MS Bar Number

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

United States Bankruptcy Court

Northern District of Mississippi

In re:                                                                                    Case No. 26-11044-SDM

Derrick Lamont Gordon                                                                     Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0537-1                        User: autodocke                             Page 1 of 3

Date Rcvd: May 22, 2026                     Form ID: pdf0004                             Total Noticed: 29

The following symbols are used throughout this certificate:

**Symbol        Definition**

+               Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^               Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 24, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Derrick Lamont Gordon, 1519 27th St. N, Columbus, MS 39701-2634 |
| 4659334 | + | 1st Franklin, 3189 Highway 45, Columbus, MS 39705-1251 |
| 4663270 | + | Bank of Commerce, Attn: Mark Vemer, 310 Howard Street, Greenwood, MS 38930-4336 |
| 4659335 | + | Bank of Commerce, 427 Main St, Columbus, MS 39701-4533 |
| 4663324 | | Bank of Commerce (BOC), c/o James P. Wilson, Jr., Esq., Post Office Box 1366, Columbus MS 39703-1366 |
| 4659336 | + | CG5 Trucking, LLC, 1519 27th St N, Columbus, MS 39701-2634 |
| 4659342 | + | Markeshia Taylor, 1519 27th St N, Columbus, MS 39701-2634 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 4660767 | + | Email/Text: bankruptcy@1ffc.com | May 23 2026 01:07:00 | 1st Franklin Financial Corporation, PO BOX 880, ATTN: Admin Services, Toccoa, GA 30577-0880 |
| 4659337 | + | Email/Text: dhrcscbu@dhr.alabama.gov | May 23 2026 01:07:00 | Child Support Central Alabama, Attn; Bankruptcy Department, Deparment of HR, P.O. Box 30400, Montgomery, AL 36130-0001 |
| 4659338 | ^ | MEBN | May 23 2026 01:05:49 | Diverse Funding, Attn: Bankruptcy, 2351 North Forest Road, Suite 110, Getzville, NY 14068-9902 |
| 4664566 | + | Email/Text: bankruptcy@towerloan.com | May 23 2026 01:07:00 | Gulfco of Mississippi, LLC, P.O. Box 320001, Flowood, MS 39232-0001 |
| 4669434 | + | Email/Text: bankruptcy@curo.com | May 23 2026 01:08:00 | Heights Finance, 101 N Main St. Ste 600, Greenville, South Carolina 29601-4846 |
| 4659339 | + | Email/Text: bankruptcy@curo.com | May 23 2026 01:08:00 | Heights Financial, Attn: Bankruptcy, P.O.Box 1947, Greenville, SC 29602-1947 |
| 4659340 | | Email/Text: sbse.cio.bnc.mail@irs.gov | May 23 2026 01:07:00 | Internal Revenue Servi, Centralized Insolvency, P.O. Box 7346, Philadelphia, PA 19101-7346 |
| 4659343 | | Email/Text: BANKRUPTCY@DOR.MS.GOV | May 23 2026 01:07:00 | MS Dept of Revenue, Bankruptcy Section, PO Box 22808, Jackson, MS 39225-2808 |
| 4659344 | + | Email/Text: constance.morrow@mdhs.ms.gov | May 23 2026 01:07:00 | MSDHS, Attn: Constance Morrow, PO Box 352, Jackson, MS 39205-0352 |
| 4659749 | + | Email/Text: benefit.recovery@mdhs.ms.gov | May 23 2026 01:07:00 | Mississippi Department of Human Resources, Attn: Bankruptcy, P. O. Box 352, Jackson MS 39205-0352 |
| 4669580 | + | Email/Text: benefit.recovery@mdhs.ms.gov | May 23 2026 01:07:00 | Mississippi Department of Human Services, Child Support, PO Box 352, Jackson, MS 39205-0352 |
| 4659345 | + | Email/PDF: cbp@omf.com | May 23 2026 01:17:21 | OneMain, Po Box 1010, Evansville, IN 47706-1010 |
| 4664495 | | Email/PDF: cbp@omf.com | May 23 2026 01:17:37 | OneMain Financial Group, LLC, PO Box 3251, |

District/off: 0537-1 | User: autodocke | Page 2 of 3
Date Rcvd: May 22, 2026 | Form ID: pdf0004 | Total Noticed: 29

| | | | |
|---|---|---|---|
| | | | Evansville, IN 47731-3251 |
| 4659346 | Email/Text: bankruptcy@republicfinance.com | May 23 2026 01:07:00 | Republic Finance, 1833 Highway 45 N, Columbus, MS 39705 |
| 4669494 | Email/Text: bankruptcy@republicfinance.com | May 23 2026 01:07:00 | Republic Finance, LLC, 282 Tower Road, Ponchatoula, LA 70454 |
| 4659347 | + Email/Text: constance.morrow@mdhs.ms.gov | May 23 2026 01:07:00 | Shakira Woods, c/o MS DHS, Attn: Constance Morrow, PO Box 352, Jackson, MS 39205-0352 |
| 4659348 | Email/Text: bankruptcy@towerloan.com | May 23 2026 01:07:00 | Tower Loan, Attn: Bankruptcy, Po Box 320001, Flowood, MS 39232 |
| 4659349 | + Email/Text: TFS_Agency_Bankruptcy@toyota.com | May 23 2026 01:07:00 | Toyota Financial Serv, Attn: Bankruptcy, Po Box 22171, Tempe, AZ 85285-2171 |
| 4680642 | + Email/Text: ToyotaBKNotices@nationalbankruptcy.com | May 23 2026 01:07:00 | Toyota Motor Credit Corporation, PO Box 9013, Addison, Texas 75001-9013 |
| 4659350 | ^ MEBN | May 23 2026 01:04:22 | US Attorney General, US Dept of Justice, 950 Pennsylvania AveNW, Washington, DC 20530-0001 |
| 4659351 | Email/Text: ebankruptcy@woodforest.com | May 23 2026 01:07:00 | Woodforest Bank, 13301 E Freeway Dr, Houston, TX 77015 |
| 4678493 | + Email/Text: ebankruptcy@woodforest.com | May 23 2026 01:07:00 | Woodforest National Bank, P.O. Box 7889, The Woodlands, TX 77387-7889 |

TOTAL: 22

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 4659341 | *+ | Internal Revenue Servi, c/o US Attorney, Ethridge Building, 900 Jefferson Ave, Oxford, MS 38655-3608 |

TOTAL: 0 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 24, 2026         Signature:         /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 22, 2026 at the address(es) listed below:

| Name | Email Address |
|---|---|
| James P. Wilson, Jr. | |
| | on behalf of Creditor Bank of Commerce jwilson@mitchellmcnutt.com hallie.heller@mitchellmcnutt.com;katelyn.gilliam@mitchellmcnutt.com |
| Thomas C. Rollins, Jr. | |
| | on behalf of Debtor Derrick Lamont Gordon trollins@therollinsfirm.com jennifer@therollinsfirm.com;notices@therollinsfirm.com;trollins@ecf.inforuptcy.com;calvillojr81745@notify.bestcase.com;TRollins@jubileebk.net;trollins.therollinsfirm.com@recap.email |

District/off: 0537-1                          User: autodocke                                    Page 3 of 3
Date Rcvd: May 22, 2026                       Form ID: pdf0004                                   Total Noticed: 29

Todd S. Johns
                        vardaman13ecf@gmail.com  tvardaman13@ecf.epiqsystems.com;trusteeMSNBTV@ecf.epiqsystems.com

U. S. Trustee
                        USTPRegion05.AB.ECF@usdoj.gov


TOTAL: 4